# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-00317-01-CR-W-FJG |
| ) | |
| CHRIS COLEMAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is Government's Motion in Limine and Suggestions in Support (Doc. No. 113), Government's Motion in Limine Regarding Proposed Defense Expert Testimony on Sentencing and Penalties with Suggestions in Support (Doc. No. 125), Defendant's Motion in Limine to Exclude Evidence of January 2, 2007 Incident (Doc. No. 120), Defendant's Motion in Limine to Exclude Government's Expert Justin "Mike" Rigot Based on Relevance or in the Alternative to Strike Expert under Daubert and Request for a Daubert Hearing (Doc. No. 119), and Defendant's Motion in Limine in Opposition to the Government's Notice of Intent to Offer Evidence of Mr. Coleman's Prior Convictions and Suggestions in Support (Doc. No. 112). Each motion will be considered in turn below.

**I. GOVERNMENT'S MOTION IN LIMINE AND SUGGESTIONS IN SUPPORT**

The Government requests that this Court instruct defense counsel to (1) refrain from soliciting from witnesses any opinions as to the credibility of other witnesses that have testified, and (2) maintain proper courtroom decorum while the government presents

opening statement, closing argument, and evidence.

Defendant replies that the Government's request impedes its ability to impeach government witnesses, and that any objection or dispute as to the admissibility of opinion testimony should be made at trial, and argument should be heard outside the jury's presence.

After considering the parties' position, the Court **GRANTS** the Government's motion in limine, and reminds counsel that any objection made during trial, and any dispute or discussion regarding admissibility of evidence shall be made at the bench and outside the hearing of the jury. Also, both counsel should comport themselves in a professional and appropriate manner throughout the course of the trial.

**II.    GOVERNMENT'S MOTION IN LIMINE REGARDING PROPOSED DEFENSE EXPERT TESTIMONY ON SENTENCING AND PENALTIES WITH SUGGESTIONS IN SUPPORT**

The Government argues that the Court should prohibit Robin Fowler to testify as an expert witness regarding sentencing terms, sentence enhancement pursuant to 21 U.S.C. § 851, and potential criminal penalties defendants face at sentencing. The Government cites to U.S. v. French, 12 F.3d 114 (8th Cir. 1994) and U.S. v. Davis, 457 F.3d 817 (8th Cir. 2006) to demonstrate that sentencing issues are not a proper subject for expert testimony and that the jury may assess a witness's credibility without an expert's assistance. While the Government concedes that a cooperating witness' motivation to testify is relevant to the credibility of a witness, it opposes Defendant's use of an expert witness to outline the mechanics of plea bargaining and potential sentences a witness could potentially receive.

2

Defendant wishes to introduce evidence regarding the potential for mandatory prison terms for life that some of the cooperating witnesses could potentially face absent a favorable recommendation from the government as well as how federal sentences are computed.

The Court finds that an expert witness is not appropriate to explain a cooperating witness's motivation or bias for testifying against the Defendant. A cooperating witnesses' motivation or bias in testifying is within the realm of a juror's common sense, and an expert will not assist the jury. Therefore, the Court **GRANTS** the Government's motion in limine.

### III. DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF JANUARY 2, 2007 INCIDENT

Defendant argues that the January 2nd incident between Detective Rigot, Courtney Baker, Baker's Father, and Defendant should not be admitted because it is irrelevant. Defendant argues that, although Defendant was present when Baker and Detective Rigot drove up to the residence on January 2nd, the evidence does not demonstrate that Defendant participated or agreed to participate in a drug transaction. Rather, the evidence shows only that no drug transaction occurred at the residence. Further, Defendant argues that, even if relevant, such evidence's probative value would be substantially outweighed by unfair prejudice and confusion of the issues according to Rule 403 of the Federal Rules of Evidence.

Government responds that the evidence is relevant because several back and forth conversations transpired between Baker, Detective Rigot, and Defendant, in which Baker relayed to Detective Rigot that Defendant stated that Detective Rigot looked familiar and that he looked like police. The Government claims that this was the reason why the

3

attempted drug transaction between Defendant, Baker, and Detective Rigot failed, and argues that such evidence is relevant to the conspiracy charge to show that Defendant's familiarity with his co-defendants and that he knew about, and possibly oversaw, the drug transactions. The Government argues that this evidence is also relevant to the anticipated defense that Defendant was an innocent bystander that was not aware of the drug transactions his co-defendants were conducting. The Government also responds that such evidence does not unfairly prejudice Defendant or confuse the issues since it is straightforward evidence demonstrating the defendants' roles in the conspiracy.

After considering the parties' positions, the Court **DENIES** Defendant's motion in limine as to this issue.

**IV. DEFENDANT'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S EXPERT JUSTIN "MIKE" RIGOT BASED ON RELEVANCE OR IN THE ALTERNATIVE TO STRIKE EXPERT UNDER DAUBERT AND REQUEST FOR DAUBERT HEARING**

Defendant argues that the Court should not allow Detective Rigot to testify as an expert witness regarding narcotics trafficking because the testimony is irrelevant. Detective Rigot's expert testimony would include how cocaine is manufactured and distributed by various people playing different roles, trafficking versus user amounts, weight typically sold, and dollar values of cocaine base. Defendant argues that testimony on these points are irrelevant because Defendant was not charged with manufacturing cocaine base, and denies possessing any cocaine base whatsoever.

In the alternative, Defendant argues that the expert testimony here is improper because it does not assist the trier of fact because it is irrelevant as discussed above, and Detective Rigot is not an expert. Defendant requests a *Daubert* hearing to determine

4

whether Detective Rigot qualifies as an expert because his curriculum vitae is insufficient to assess his expertise in drug trafficking, and it does not mention specialized training in trafficking.

The Government argues that the testimony of Detective Rigot will assist the jury in understanding the business of drug trafficking and how drug dealers distribute cocaine base to customers because these matters are unfamiliar to jurors. The government opposes a *Daubert* hearing since Detective Rigot is qualified as an expert in drug trafficking based on his 10 years of experience as a police officer and various training seminars.

After considering the parties' positions, the Court hereby **DENIES** Defendant's motion in limine on this matter.

V. **DEFENDANT'S MOTION IN LIMINE IN OPPOSITION TO THE GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE OF MR. COLEMAN'S PRIOR CONVICTIONS AND SUGGESTIONS IN SUPPORT**

Defendant moves this Court to exclude evidence of Defendant's two prior convictions that the Government seeks to introduce under Rules 404(b) or 609 of the Federal Rules of Evidence. On or about October 13, 1994, Defendant was convicted in Illinois of unlawful possession with intent to deliver a controlled substance. On or about September 17, 2002, Defendant was sentenced in Jackson County, Missouri for offense of trafficking in the first degree. Defendant argues the potential prejudice to Defendant substantially outweighs the probative value of the prior convictions under Rule 403 of the Federal Rules of Evidence, and the convictions only serve as impermissible propensity evidence against him as prohibited by Rule 404(b). Also, if Defendant testifies, Defendant contends that the prior convictions should not be admitted under Rule 609 because the

5

their probative value does not outweigh the prejudicial effect. Further, Defendant contends that under Rule 609(b), the October 1994 conviction should be excluded because 10 years have elapsed, and the Government did not meet its burden to show specific facts or circumstances that the conviction's probative value substantially outweighs the prejudicial effect.

The Government contends that the prior convictions are admissible under Rule 404(b) because they are being offered to show Defendant's knowledge of his co-defendants' drug transactions as well as his intent and plan to avoid drug sales to anyone new or unknown. As the offense charged is a specific intent crime, the Government believes that prior convictions are relevant to establish such intent. Also, the Government intends to use the prior convictions to rebut the Defendant's claim that he was not aware that his co-defendants were engaging in drug transactions. Where intent is an element of the crime charged, the Government argues it should be allowed to present any evidence, including prior convictions, to establish the element of intent regardless of whether Defendant denies having any involvement or knowledge about any drug sales. The Government contends that <u>Old Chief v. U.S.</u>, 519 U.S. 172 (1997), as recognized by <u>U.S. Hill</u>, 249 F.3d 707 (8th Cir. 2001), counsels in favor of allowing the Government to introduce evidence of Defendant's intent even though Defendant has not disputed the element of intent, but rather has relied on a general denial defense. The Government suggests a limiting jury instruction regarding the use of Rule 404(b) evidence different from the model instruction in Eight Circuit Manual of Model Jury Instructions, Criminal, Instruction 2.08 (2003).

The Government also requests that before opposing counsel inquires as to prior acts

affecting a witness's credibility on cross-examination that may only be of questionable relevance, counsel should alert the Court and participate in a bench conference to resolve the issue.

After considering the parties' positions, the Court **DENIES** Defendant's motion in limine on this matter. The Government may introduce the prior convictions for a proper purpose under Rule 404(b). If Defendant testifies, the Government may introduce the prior convictions to impeach Defendant under Rule 609. The Court also directs that counsel alert the Court and participate in a bench conference outside the hearing of the jury before inquiring as to a witness' prior acts that may be used to attack the credibility of a witness. Any issue regarding jury instructions shall be discussed during the instruction conference.

Accordingly, for the foregoing reasons, both of the Government's motions in limine are hereby **GRANTED**, and the Defendant's motions in limine are **DENIED**.

**IT IS SO ORDERED.**


Date:_____ **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri Fernando J. Gaitan, Jr.
Chief United States District Judge